UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HERNANDEZ,

     Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

No.  2:24-cv-00532-SCR

ORDER

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for benefits under the Social Security Act.  On June 14, 2024, Magistrate Judge Barnes directed the Clerk to enter judgment remanding the action for further administrative proceedings pursuant to the parties' Stipulation for Voluntary Remand. ECF Nos. 11 & 12.  On remand, Plaintiff was found to be disabled and awarded past-due benefits of $65,628.  ECF No. 16-1 at 3.

Now pending before the Court is Plaintiff's April 6, 2026 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 16.  Plaintiff's counsel seeks an award of $7,200.  *Id.*  The Commissioner has filed a statement that he "has given substantive consideration of the merits of the Motion for § 406(b) fees and neither supports nor opposes counsel's request for attorney's fees."  ECF No. 19 at 1.  The Commissioner requests that the

1

order direct Plaintiff's counsel to reimburse Plaintiff for $1,922.49 in fees previously received under the Equal Access to Justice Act (EAJA).  *Id.* at 2.  For the reasons set forth below, the Motion will be granted.

I.  REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and his counsel entered into a contingent-fee agreement.  ECF No. 16-3.  Pursuant to that agreement, Plaintiff's counsel may seek 25 % of past due benefits awarded pursuant to 42 U.S.C. § 406(b).  *Id.*  The agreement further provides: "If Francesco Benavides receives any attorney fees under 42 U.S.C. § 406(b), he shall pay to Claimant any attorney fees he previously received under the Equal Access to Justice Act."  *Id.* Plaintiff seeks attorney's fees in the amount of $7,200.00, which is less than 25% of the retroactive disability benefits awarded to Plaintiff on remand.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).  The goal of fee awards under § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting *Gisbrecht,* 535 U.S. at 805).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable.  *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not

2

displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the Court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

Here, Plaintiff's counsel, Francesco Benavides, is an experienced attorney who secured a successful result for Plaintiff. Plaintiff's counsel represents that he has been practicing Social Security law for 15 years. ECF No. 16 at 6. There is no indication that a reduction of fees is warranted due to any substandard performance by counsel. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in excessive delay.

Counsel has submitted a billing statement in support of the requested fee. ECF No. 16-4. The billing statement shows Mr. Benavides billed 6.6 hours and a legal assistant billed 2.8 hours. The Court finds that the amount of time expended is reasonable. The amount of time expended is less than the typical social security case, because the matter resolved via stipulated remand prior to briefs being prepared. *See Costa v. Commissioner*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and

3

granted in social security cases.").

Counsel seeks an effective hourly rate of $1,090.90/hour for his 6.6 hours. While this is a significant effective hourly rate, it is similar to that approved by other courts. In *Crawford*, the Ninth Circuit found the fee awards in the three consolidated cases to be reasonable, and the fee requests ranged from $11,500 to $24,000, and if divided by the hours expended would have resulted in effective rates in the range of $500 to $900/hour. 586 F.3d at 1145-1147. The effective rate appears somewhat higher than a sampling of recent rates approved in this District. *See Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal. September 9, 2024) (effective hourly rate of $685); *Guzman Paz v. Commissioner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024) (effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August 28, 2024) (effective hourly rate of $864). However, courts have also approved higher effective rates. *See Roxsann D. A. v. O'Malley,* 2024 WL 1136398 (C.D. Cal. Feb. 12, 2024) ("The Central District of California has frequently found reasonable fees with effective hourly rates exceeding $1,000"); *Timothy M. v. Commissioner*, 2023 WL 1071604 (D. Oregon Jan. 27, 2023) (effective rate of $1,863); *Tristan v. Commissioner*, 2023 WL 6129832 (E.D. Cal. Sept. 19, 2023) (effective rate of $1,580).

The Court finds that the $7,200 fee, which does not exceed 25% of the amount paid in past-due benefits to Plaintiff, is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases"). The Court finds that the effective rate of $1,090 is approaching what could be considered unreasonable, or a windfall, but finds the award reasonable in this instance. *See also Biggerstaff v. Saul*, 840 F.App'x 69 (9th Cir. 2020) (affirming the district court's reduction of a contingency fee from $50,000 to $32,760 resulting in an effective hourly rate of $1,400).

Accordingly, for the reasons stated above, the court concludes that the fees sought by

4

counsel pursuant to § 406(b) are reasonable.

II.  OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Here, Plaintiff's attorney was previously awarded $1,922.49 in EAJA fees.  *See* ECF No. 15.  Counsel therefore must remit that amount to Plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 16), is GRANTED;

2.  Counsel for Plaintiff is awarded **$7,200** in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees; and

3.  Counsel for Plaintiff is directed to remit to Plaintiff the amount of **$1,922.49** for EAJA fees previously paid to counsel by the Commissioner.

SO ORDERED:

DATE: May 22, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5